**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

NICOLE HUNTER, on behalf of her minor child S.M., individually and on behalf of all others similarly situated,

Plaintiff,

v.

SECURLY, INC.,

Defendant.

Case No. 0:24-CV-02159-DWF-DLM

**DEFENDANT SECURLY, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS COMBINED MOTION TO STRIKE AND MOTIONS TO DISMISS THE COMPLAINT**

## INTRODUCTION

In connection with its Motion to Dismiss Plaintiff's Complaint (the "Complaint"), and pursuant to Federal Rule of Evidence 201, Defendant, Securly, Inc. ("Securly"), respectfully requests that the Court deem as incorporated by reference, and/or take judicial notice of, the following documents in support of Securly's Combined Motion to Strike under Rule 12(f), Motion to Dismiss under Rule 12(b)(1), and Motion to Dismiss under Rule 12(b)(6), which are attached to the accompanying Declaration of Amanda Mills:

**Exhibit 1** is a true and correct copy of Securly's publicly available website homepage available (as of July 31, 2024) at https://www.securly.com.

**Exhibit 2** is a true and correct copy of Securly's publicly available Student Privacy Policy webpage available (as of July 31, 2024) at https://www.securly.com/students-privacy.

**Exhibit 3** is a true and correct copy of Securly's publicly available Privacy Policy webpage available (as of July 31, 2024) at https://www.securly.com/privacy.

**Exhibit 4** is a true and correct copy of Securly's publicly available Terms of Service webpage, applicable to users in the United States (under the "I'm in the US" sub-heading on this webpage), available (as of July 31, 2024) at https://www.securly.com/terms-and-conditions.

**DISCUSSION**

When ruling on a Rule 12(b)(6) motion to dismiss, a court "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999)). Material "necessarily embraced by the pleadings" includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Further, courts may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" without converting the motion into one for summary judgment. *Id.* (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

The Complaint attaches no exhibits but makes repeated reference to documents and information from Securly's website, both through selective quotes and use of website images. Compl ¶¶ 2-4, 7, 19-22, 24-27, 31, 34, 39, 43. In particular, the Complaint quotes Securly's website privacy policy (Ex. 3). *See* Compl. ¶ 43. In doing so, however, the Complaint omits certain key portions of the text that are central to its allegations and establish that this policy is inapplicable to Plaintiff's allegations. Additionally, the Complaint cites Securly's applicable student privacy policy (Compl. ¶¶ 24, 34) but omits essential sections from this relevant disclosure (Ex. 2).

The doctrine of incorporation exists for the purpose of allowing the court to evaluate such selective use of documents. *See Kloss v. Argent Tr. Co.*, 23-cv-0301 (WMW/TNL), 2023 WL 8603131, at *2 (D. Minn. Dec. 12, 2023) ("This doctrine [of incorporation by reference] seeks to prevent plaintiffs from selectively excerpting documents in a manner that supports their claims, while omitting those portions that weaken or defeat their

claims."). Plaintiff here bases much of her Complaint on certain selected portions of Securly's website, including the two privacy polices. Having put Securly's privacy policies at issue, it is only fair that the Court be able to consider their full text, as well as other pages of Securly's website.

Because the allegations in the Complaint rely heavily on language from Securly's openly accessible public website, Securly respectfully requests that this Court deem Exhibits 1–4 incorporated by reference and additionally requests the Court take judicial notice of these exhibits as public records.

## I. EXHIBITS 1-4 ARE INCORPORATED BY REFERENCE

Under the doctrine of incorporation by reference, a court may consider a document when the complaint necessarily relies on it and its authenticity is uncontested. *Ashanti*, 666 F.3d at 1151. The Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citation omitted). This includes documents that are not attached or explicitly referenced by the Complaint. *See Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018) (holding that documents not attached to the complaint are necessarily embraced by the pleadings).

Plaintiff refers selectively to portions of Securly's website, referencing Securly's website privacy policy, student privacy policy, and various other informational webpages. Because the Complaint expressly references and quotes from the Securly website, and, in particular, the Securly privacy policies, the Court may incorporate by reference and consider the Securly website's full text, including **Exhibits 1-4**, to ensure that Plaintiff does not survive a motion to dismiss by deliberately omitting references to those portions of cited documents that weaken or defeat her claims. *Kloss*, 2023 WL 8603131, at *2.

Accordingly, Securly hereby requests that the Court incorporate by reference Exhibits 1-4 submitted in support of its Motion to Dismiss.

## II. EXHIBITS 1-4 ARE SUBJECT TO JUDICIAL NOTICE

A Court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also In re Resideo Techs., Inc., Sec. Litig.*, No. 19-CV-2863 (WMW/KMM), 2021 WL 1195740, at *3 (D. Minn. Mar. 30, 2021). Further, "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Documents contained in the public record fall squarely within the parameters of Rule 201(b). *See Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005). Courts routinely take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies. *See, e.g.*, *Folger v. City of Minneapolis*, 43 F. Supp. 3d 922, 943 n.19 (D. Minn. 2014) (taking judicial notice of a website describing a municipal program).

**Exhibits 1-4** are publicly available on the Securly website and the Court may therefore take judicial notice of these public webpages. *Okash v. Essentia Health*, No. CV 23-482 (JRT/LIB), 2024 WL 1285779, at *2 (D. Minn. Mar. 26, 2024) (taking judicial notice of the contents of defendant company's website, including privacy policy); *WinRed, Inc v. Ellison*, 581 F. Supp. 3d 1152, 1168 n.5 (D. Minn. 2022), *aff'd sub nom. WinRed, Inc. v. Ellison*, 59 F.4th 934 (8th Cir. 2023) (taking judicial notice of defendant's website at issue); *Bauer v. AGA Serv. Co.*, 25 F.4th 587 (8th Cir. 2022) (taking judicial notice of the World Health Organization website).

Accordingly, Securly hereby requests that the Court take judicial notice of Exhibits 1-4 submitted in support of its Combined Motion to Strike under Rule 12(f), Motion to Dismiss under Rule 12(b)(1), and Motion to Dismiss under Rule 12(b)(6).

Dated: August 2, 2024

By: */s/ Amanda Mills*

Amanda Mills
(MN Bar No. 0397685)
FREDRIKSON & BYRON, P.A.
60 South Sixth St Ste 1500
Minneapolis, MN 55402-4400
Tel: 1-612-492-7199
Fax: (612)-492-7077
amills@fredlaw.com

Edward McNicholas (D.C. Bar No. 459136, *admitted pro hac vice*)
Frances Faircloth (D.C. Bar No. 1021834, *admitted pro hac vice*)
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
edward.mcnicholas@ropesgray.com
fran.faircloth@ropesgray.com

*Attorneys for Securly, Inc.*